UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JANET BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:12-cv-40-WGH-RLY |
| ) | |
| RIVERBOAT INN CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF MEDICAL COSTS BILLED**

This matter is before the Court on Defendant's motion in limine (Dkt. 34) to exclude evidence showing that Plaintiff was billed for medical costs exceeding the amount paid on her behalf by Medicare. The motion has been fully briefed, and the Court, having considered the motion, the parties' filings, and relevant law, and being duly advised, hereby **DENIES** the motion **in part** and **GRANTS** it **in part**.

**I.   Background**

This matter is set for a jury trial to determine Defendant's liability for injuries Plaintiff claims to have suffered after falling down a staircase at Defendant's hotel. Plaintiff, a Medicare beneficiary, seeks compensation for the reasonable and necessary value of her medical costs. The parties agree that Plaintiff's medical care providers billed her for $237,398.46 in medical expenses but accepted a payment of $56,100.09 from Medicare in complete satisfaction of those charges. (Dkt. 34-1 at 2; Dkt. 36 at 1). Defendant now

asks the Court to order that no party or witness may refer at trial to any medical expense but the $56,100.09 accepted from Medicare. (Dkt. 34 at 1).

## II. Discussion

Indiana Evidence Rule 413 and the Indiana Supreme Court's opinion in *Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009), speak directly to the admissibility of a plaintiff's medical bills. Accordingly, the Court must answer three questions to resolve Defendant's motion. First, do Rule 413 and *Stanley* apply in this federal action? Second, if they apply at all, how do Rule 413 and *Stanley* treat the facts before the Court? Finally, does any other source of law override Rule 413 and *Stanley* and support Defendant's motion? The Court addresses each question in turn.

### A. Indiana Evidence Rule 413 and *Stanley v. Walker* apply to this case.

Indiana Evidence Rule 413 and the Indiana Supreme Court's treatment of that rule in *Stanley* speak directly to the question before the Court. Before applying these authorities, however, the Court must determine the extent to which they apply in this federal action.

This matter is before the Court on diversity jurisdiction. (*See* Dkt. 1 at ¶¶ 3–4). Therefore, Indiana tort law will decide the merits of Plaintiff's claim, but federal law—subject to a few exceptions—controls the admissibility of evidence. *See* Fed. R. Evid. 1101(a)–(b); *see also Schrott v. Bristol-Meyers Squibb Co.*, 403 F.3d 940, 943 (7th Cir. 2005). For this reason, Indiana Rule 413 and *Stanley* apply to this case only if either (a) they are not evidence rules

at all but, rather, statements of substantive state law that control in a diversity action; or (b) to the extent they are evidence rules, they are exceptional state evidence rules that apply in federal court despite Federal Rule 1101. The Court finds that Indiana Rule 413 and *Stanley* apply under either rationale.

### 1. Under Rule 413 and *Stanley*, both evidence of amounts billed and evidence of negotiated payments should be admitted.

Indiana Evidence Rule 413 states that "[s]tatements of charges for medical, hospital or other health care expenses for diagnosis or treatment occasioned by an injury are admissible into evidence. Such statements shall constitute prima facia evidence that the charges are reasonable." The second sentence of Rule 413 is particularly important because, since before it was adopted in 1994, tort victims have been entitled to recover compensation for medical expenses that are "both reasonable and necessary." *See, e.g.*, *Smith v. Syd's, Inc.*, 598 N.E.2d 1065, 1066 (Ind. 1992). As written, Rule 413 allows a tort plaintiff to establish the reasonable value of medical expenses—subject to the defendant's rebuttal—by introducing a bill.

In *Stanley*, the Indiana Supreme Court heard the appeal of a tortfeasor who sought at trial to introduce evidence showing that the plaintiff's medical care providers had accepted a discounted payment from his insurer in complete satisfaction of his bill. 906 N.E.2d at 854. The trial court admitted evidence showing the total amount billed to the plaintiff—consistent with Rule 413—but found that evidence showing the provider's acceptance of a lesser payment by the insurer was barred by Indiana's collateral source statute. *Id.*

The collateral source statute directs trial courts hearing personal injury and wrongful death cases to admit evidence of collateral source payments toward medical costs, but it explicitly excepts evidence of payments from "insurance benefits for which the plaintiff or members of the plaintiff's family have paid for directly" and payments made by the state or federal governments or an "agency, instrumentality, or subdivision" of either.  Ind. Code § 43-44-1-2.

The Indiana Supreme Court held that the trial judge's exclusion of evidence showing the insurer's payment was error.  *Stanley*, 906 N.E.2d at 859.  The court explained that Indiana Rule 413 makes the amount billed only prima facie evidence—not dispositive or conclusive evidence—of the reasonable value of medical expenses.  *Id.* at 856.  Indiana case law allows defendants to introduce competing evidence of reasonableness, including evidence showing the amount actually paid by the plaintiff.  *Id.*  Therefore, it concluded, the proper measure of medical expenses is neither the amount billed nor the amount paid; rather, the proper measure is the reasonable value as determined by the trier of fact, who may consider both figures and settle on either one or an amount in between.  *Id.* at 856–57.

Despite the collateral source statute, the court held that defendants could introduce evidence of negotiated payments from collateral sources to show the reasonable value of medical expenses.  *Id.* at 858.  In support of that holding, the court remarked that the ubiquity of health insurance and the frequency with which insurers negotiate discounted payments have conceived a healthcare marketplace in which neither the first bill to the patient nor the

4

amount accepted by the provider often reflects the actual value of the products and services rendered.  *Id.* at 857.  Accordingly, to admit evidence showing providers' acceptance of lesser payments from patients—but not acceptance of lesser payments from collateral sources—would create two classes of tort victims: uninsured plaintiffs for whom partial payments are admissible and support a lower damages award, and insured plaintiffs for whom partial payments are inadmissible and support a higher award.  *Id.* at 858.

As its bottom line, the court held that "[t]he collateral source statute does not bar evidence of discounted amounts in order to determine the reasonable value of medical services."  *Id.* at 858.  After *Stanley*, parties may introduce the total amount billed and the acceptance of a partial payment from any source to prove reasonableness—so long as they do so without improperly referencing insurance in violation of other Indiana evidence law.  *Id.*

### 2. Rule 413 and *Stanley* articulate substantive Indiana tort law.

The Court finds that Indiana Evidence Rule 413 and *Stanley* apply on diversity jurisdiction because they set forth substantive Indiana tort law and are not strictly rules governing the admissibility of evidence.  In matters heard on diversity jurisdiction, state law decides the substantive claims and defenses, but the Federal Rules of Evidence apply in place of their state law counterparts.  *See* Fed. R. Evid. 1101(a)–(b); *see also Schrott*, 403 F.3d at 943.  Therefore, Indiana Rule 413 and *Stanley* apply here if they govern substantive law and not merely the admissibility of evidence.

5

No federal court has considered whether Rule 413 or *Stanley* controls substantive law or only admissibility of evidence[1], but the Seventh Circuit examined the distinction at length. "A pure rule of evidence," it has explained, "is concerned solely with accuracy and economy in litigation . . . ." *Barron v. Ford Motor Co. of Canada Ltd.*, 965 F.2d 195, 199 (7th Cir. 1992). Evidence rules are directed at lawyers and judges and seek to enable them to resolve claims with "'accuracy, efficiency, and fair play.'" *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 537 (7th Cir. 2007) (quoting Michael Lewis Wells, *The Impact of Substantive Interests on the Law of Federal Courts*, 30 Wm. & Mary L. Rev., 499, 504 (1989)). By contrast, "a substantive rule is concerned with the channeling of behavior outside the courtroom." *Barron*, 965 F.2d at 199. Many rules might fall somewhere between these two poles. *Id.*

The Court finds *Barron* instructive. There, the plaintiff sued an automobile manufacturer for negligent design after she was paralyzed in an accident. *Id.* at 196–97. The court considered whether to apply a North Carolina common law rule excluding from civil actions any evidence showing that the plaintiff was not wearing a seatbelt. *Id.* at 197–98. On the one hand, the court suggested it would be "a rule of evidence if it is motivated by concern that jurors attach too much weight to a plaintiff's failure to wear his seatbelt."

---

[1] Three judges in our Circuit have, however, assumed *Stanley* would apply in a diversity action. *See Hale v. Gannon*, 2012 WL 4020387 at *1 (S.D. Ind. Sept. 12, 2012); *Patel ex rel. Patel v. Menard, Inc.*, 2011 WL 4729901 at *2 (S.D. Ind. Oct. 6, 2011); *Mitkal v. United Parcel Serv. Co.*, 2011 WL 148405 at *4–5 (N.D. Ill. Jan. 18, 2011).

6

*Id.* at 199.  On the other, it would be "a substantive rule if it is designed not to penalize persons who fail to fasten their seatbelts."  *Id.*

In the end, the court found the North Carolina rule was substantive.  *Id.* at 200.  Its apparent purpose was to preclude the conclusion that a plaintiff "failed to take reasonable measures to reduce the severity of the accident if one occurred."  *Id.* at 199.  The rule was "founded on the desire of the North Carolina courts not to penalize the failure to fasten one's seatbelt, because nonuse is so rampant in the state that the average person could not be thought careless for failing to fasten his seatbelt."  *Id.* at 200.  In other words, the rule defined the scope of the plaintiff's duty of care and necessarily affected the substance of the claims and defenses in tort actions.

The Court reads *Barron* and *Thomas* as counseling that Indiana Rule 413 and *Stanley* are not strictly evidentiary rules but represent substantive law.  Rule 413 has no federal analogue.  It stands apart from Indiana's remaining evidence rules (and, for that matter, their federal counterparts) in that it not only governs admissibility but instructs the trier of fact as to the value of evidence: A medical bill is admissible, and it is presumed to show the reasonable value of medical expenses.

The same is true of *Stanley*.  It tells more than what evidence parties may present to the jury.  On the contrary, it tells how to measure the reasonable value of medical expenses in a tort claim and what evidence the parties may offer to prove reasonable value.  Like the North Carolina rule in *Barron* defined a duty of care based on observations of widespread non-use of seatbelts, the

7

Indiana Supreme Court used *Stanley* to define the measure of damages in tort actions based on observations of murky billing and payment practices. *See Stanley*, 906 N.E.2d at 857.

Indiana Rule 413 and *Stanley* are not mere evidentiary rules that tell lawyers and judges how to conduct a trial. *See Thomas*, 487 F.3d at 537. Rather, they tell litigants and jurors how to determine the proper measure of damages in a tort action. Like the North Carolina rule at issue in *Barron*, these authorities define a substantive element of tort claims and therefore must be considered when Indiana tort claims are heard on diversity jurisdiction.

### 3. To the extent Rule 413 and *Stanley* are evidence rules otherwise inapplicable on diversity jurisdiction, they govern a presumption regarding an element of a claim and therefore apply through Federal Rule 302.

Even if the Court has misapprehended *Barron* and *Thomas* and Indiana Evidence Rule 413 and *Stanley* are evidence rules as opposed to substantive law, it still must find that they apply in this case. Federal Rule of Evidence 302 holds that, "[i]n a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision." So far as the Court is aware, no court has questioned whether Indiana Rule 413 or *Stanley* falls within the ambit of Federal Rule 302. In fact, the Court can locate only three cases from our Circuit where Rule 302 has been applied at all. *See Estate of Davis v. Johnson*, 745 F.2d 1066, 1074 n.2 (7th Cir. 1984) (applying Illinois case law holding that a minor child surviving a parent is rebuttably presumed to have suffered pecuniary injury for loss of society); *Flis*

8

*v. Kia Motors Corp.*, 2005 WL 1528227 at *6 (S.D. Ind. June 20, 2005) (applying Indiana pattern jury instruction on presumption of negligent design); *Maynard by Maynard v. Indiana Harbor Belt R.R. Co.*, 997 F. Supp. 1128, 1132–36 (N.D. Ind. 1998) (finding no Indiana presumption as to child's capacity to exercise care and discretion). Even so, the Court is confident in applying Rule 413 and *Stanley* here.

Federal Rule 302 grew out of a series of U.S. Supreme Court cases applying state law to determine burdens of proof in federal actions heard on diversity jurisdiction. Fed. R. Evid. 302 advisory committee's note. *See also Dick v. New York Life Ins. Co.*, 359 U.S. 437, 446–47 (1959) (applying North Dakota burden for proving death was not accidental); *Palmer v. Hoffman*, 318 U.S. 109, 116–17 (1943) (applying Massachusetts burden for proving contributory negligence); *Cities Service Oil Co. v. Dunlap*, 380 U.S. 208, 210–12 (1939) (applying Texas burden for proving status as bona fide purchaser). Because state law controls the substance of claims heard on diversity jurisdiction, state law also controls the burden of proving "a substantive element of the claim or defense." *See* Fed. R. Evid. 302 advisory committee note.

Like the Illinois rule at question in *Estate of Davis*, Indiana Rule 413 and *Stanley* govern the burden of proving damages, which are an essential element of negligence claims like Plaintiff's. *See, e.g.*, *Hellums v. Raber*, 853 N.E.2d 143, 145–46 (Ind. Ct. App. 2006) ("The elements of negligence are duty, breach of duty, and damages proximately caused by the breach"). In Indiana, "[p]rima

9

facie evidence means such evidence as is sufficient to establish a given fact and remains sufficient if uncontradicted." *Ramsey v. Madison Cnty. Dep't of Family & Children*, 707 N.E.2d 814, 816 (Ind. Ct. App. 1999). Indiana Rule 413 entitles tort plaintiffs to presumptively establish the reasonableness of medical costs by introducing a bill and then shifts to defendants the burden of contradicting that presumption. *Stanley*'s rule entitles defendants to rebut the presumptive reasonableness of a billed amount by introducing evidence of a payment negotiated by the provider and a collateral source. Together, they govern the effect of a presumption for proving damages in Indiana tort actions, so they must apply through Federal Rule 302 in actions applying Indiana law on diversity jurisdiction.

### B. Under Rule 413 and *Stanley*, the full amount billed to Plaintiff is admissible.

Having found that Indiana Evidence Rule 413 and *Stanley* apply in this matter, the Court also must find that Plaintiff is entitled to present evidence showing the full amount she was billed for medical expenses. Rule 413 plainly calls for this evidence to be admitted and presumes it shows the reasonable value of Plaintiff's medical expenses until Defendant offers evidence to contradict it. By its text alone, Rule 413 defeats Defendant's motion.

The Court does not interpret *Stanley* as changing this result. The Indiana Supreme Court did not expressly abrogate Rule 413 in *Stanley*, and neither party has presented any authority that would support such a conclusion. Instead, the Court reads *Stanley* as reiterating the common law

10

rule that reasonableness (not any one amount presented to the jury) is the measure of compensable medical expenses and as endowing defendants with a tool for contradicting Rule 413's presumption that the amount billed is reasonable. *See* 906 N.E.2d at 856–57. The Court finds that *Stanley*'s bottom line is that courts should allow the parties to show jurors both figures—the amount billed and the amount accepted for payment, irrespective of who paid it—and allow them to determine where in that spectrum the reasonable value lies. *Id.* Consequently, the Court cannot grant Defendant's motion to exclude evidence of amounts billed unless presented with some other authority negating Indiana Rule 413.

### C. No other source of law renders the full amount billed to Plaintiff inadmissible.

Having found that Indiana Evidence Rule 413 and *Stanley* discredit Defendant's motion, the Court may grant Defendant's request and exclude evidence of amounts billed only if some other source of law supersedes or contradicts the plain holdings of Rule 413 and *Stanley*. Defendant offers two arguments of this nature, but the Court must reject both.

#### 1. The Court cannot bar evidence of amounts billed based on the collateral source statute and public policy.

The Court rejects Defendant's argument that logic, public policy, and the collateral source statute bar Plaintiff from introducing evidence of the total amount she was billed for medical expenses. (Dkt. 34-1 at 2–6). Defendant explains that, when a medical care provider accepts a negotiated payment from Medicare in satisfaction of a plaintiff's debt, federal law precludes the provider

11

from attempting to collect the difference from the plaintiff and effectively caps the plaintiff's ultimate liability for medical expenses at the amount paid by Medicare. (*Id.* at 3–4 (*citing* 42 U.S.C. § 1395cc(a)(1)(A)–(B))). Because one of the purposes of the collateral source statute is to ensure accurate damages awards and prevent "windfall" recoveries by plaintiffs, Defendant argues, plaintiffs must be barred from recovering damages for medical expenses that have been written off and for which they can never be held liable. (Dkt. 34-1 at 5–6 (citing Ind. Code § 34-44-1-1). If amounts billed but not paid cannot be recovered, then evidence of those amounts is irrelevant and must be excluded.

Sensible as it may be, this argument presents an insufficient basis for the Court to ignore Rule 413 and *Stanley* and bar evidence of Plaintiff's medical bills. First, assuming for the sake of argument that its purposes are exactly as Defendant portrays, the collateral source statute nonetheless provides no authority on which to exclude evidence of an amount billed. Rather, it provides authority only to admit evidence of amounts paid by certain sources other than the plaintiff.

Second, the Indiana Supreme Court analyzed the collateral source statute at length when it issued its opinion in *Stanley*, and it did not abrogate Rule 413 or otherwise state that evidence of amounts billed are inadmissible. The Court is not aware of any subsequent decision in which an Indiana appellate tribunal has applied the collateral source statute to exclude evidence of amounts billed from a personal injury action. Persuasive as Defendant's

logic and policy arguments may be, the Court cannot contravene the clear edicts of the Indiana Supreme Court.

The Court also must reject Defendant's argument that *Stanley* does not apply to this case because it dealt with payments from a private insurer and not Medicare. (*See* Dkt. 38 at 2–3). The Court finds no such line drawn in the text of *Stanley*. In fact, the *Stanley* court took care to mention both private and government insurers in its opinion. *See* 906 N.E.2d 852 at 858 ("We recognize that the discount of a particular provider generally arises out of a contractual relationship with <u>health insurers or government agencies</u> . . . ) (emphasis added). Even if the Court reads too far into that reference, it finds that the rationale undergirding *Stanley*—that the prevalence of insurance and negotiated payments has bred an inability to determine precisely the reasonable cost of medical services based on either bills or accepted payments—applies with equal force to both private insurance and Medicare beneficiaries. Accordingly, the Court finds no reason *Stanley* should not apply here. Moreover, even if *Stanley* was distinguishable, Rule 413 still would require admission of Plaintiff's medical bills.

### 2. Plaintiff is not limited as a matter of law to recovering the amount Medicare paid for her medical expenses.

Defendant also argues that the Court should exclude evidence of amounts billed because, as a matter of law, Indiana tort plaintiffs can recover damages only for medical expenses actually paid. (Dkt. 34-1 at 6–7 (applying *Butler v. Indiana Dep't of Ins.*, 875 N.E.2d 235, 240 (Ind. Ct. App. 2007))).

13

Indeed, the Indiana Court of Appeals held in *Butler* that plaintiffs in wrongful death actions may recover only for medical expenses that actually have been paid. *Butler*, 875 N.E.2d at 243. However, the Indiana Supreme Court has unequivocally limited the reach of that rule to wrongful death actions.

The Indiana Supreme Court unanimously limited *Butler*'s application to wrongful death cases when it heard the same case on transfer eighteen months later. *Butler v. Indiana Dep't of Ins.* (*Butler II*), 904 N.E.2d 198, 203 (Ind. 2009). In *Butler II*, the supreme court also held that wrongful death plaintiffs—whose causes of action are purely statutory—may recover only for medical expenses actually paid. *Id.* at 202–203. In reaching that conclusion, the court explicitly acknowledged Rule 413 and the reasonableness standard applicable in other tort cases. *Id.* at 201–202. The court clearly distinguished between wrongful death and causes of action emanating from the common law, and it explained that its holding was based strictly on language present in Indiana's wrongful death statute but not in the common law governing other tort claims. *Id.* at 202. In short, it unmistakably confined the rule Defendant advocates to the realm of wrongful death actions, leaving Rule 413 and the common law reasonableness standard to govern other torts.

Furthermore, the Indiana Supreme Court declined to extend *Butler*'s reach into personal injury cases through *Stanley*. Both iterations of *Butler* were issued before the court decided *Stanley*. Indeed, the court even cited *Butler II* in *Stanley*. *See* 906 N.E.2d at 866 (Dickson, J., dissenting). Instead of applying *Butler*'s recovery cap, however, the supreme court supplemented the

14

common law rule of reasonableness by establishing that, despite the collateral source statute, evidence of negotiated payments is admissible. *Id.* at 858. The Court infers that, had the Indiana Supreme Court desired instead to eliminate the common law rule of reasonableness, limit recovery to amounts paid, and render evidence of amounts billed inadmissible despite Rule 413, it would have done so. It did not, and the Court cannot now impose a rule the Indiana Supreme Court has consciously rejected.

Finally, the Court acknowledges Defendant's reference to *Brumfiel v. United States*, in which Judge Tinder applied the collateral source statute to limit recovery in a Federal Tort Claims Act action heard in our District. *See* 2005 WL 4889255 at *9–10 (S.D. Ind. Oct. 25, 2005). The Court further acknowledges that the Indiana Court of Appeals relied in part on *Brumfiel* when it limited recovery to amounts paid in *Butler*. *See* 875 N.E.2d at 242–43. Still, the Indiana Supreme Court subsequently rejected Defendant's argument that *Butler*'s rule applies outside the wrongful death context—not once, but twice—expressly in *Butler II*, and tacitly in *Stanley*. Indiana law controls resolution of Defendant's motion, and the Indiana Supreme Court laid down the applicable rule when it decided *Stanley*.[2]

---

[2] The Court finds that Judge Tinder's approach in *Brumfiel* is well-reasoned and would apply just as soundly to these facts. Regardless, Indiana law governs the substance of this case, and the Indiana Supreme Court—not the Court of Appeals, and not our District—has the last word on Indiana law. Accordingly, the Court must apply the supreme court's later decisions in *Butler II*, which explicitly confined the recovery limit to actions brought under the wrongful death statute, and *Stanley*, which exhibited no intent to extend Defendant's rule to common law tort claims like Plaintiff's.

15

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion insofar as it declines to exclude evidence of medical expenses billed to Plaintiff. Because *Stanley* applies in this matter, the Court **GRANTS** Defendant's motion insofar as it holds that Defendant is entitled to introduce evidence showing that Plaintiff's medical care providers accepted a lesser amount in full satisfaction of her bills.[3]

Like most rulings on motions in limine, the Court's ruling here is conditional. Although unlikely in this particular matter, should evidence actually admitted at trial substantially change the posture of this ruling, the Court may nevertheless admit evidence at trial that would violate this order. However, no party may mention such evidence in opening statements, nor may any party offer such evidence without first gaining the Court's express permission. The parties also should be prepared to present offers of proof outside the presence of the jury if deemed necessary by counsel to protect their record.

**SO ORDERED** the 22nd day of November, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.

---

[3] The Court reads *Stanley* as holding that Defendant may introduce evidence of a negotiated payment but may not reveal the source of that payment. *See* 906 N.E.2d at 858. In other words, Defendant may introduce evidence showing that Plaintiff's medical care providers accepted a partial payment in full satisfaction of her bills, but it may not reveal that such payment was issued by Medicare or even that Plaintiff is a Medicare beneficiary.

16